# In the United States Court of Federal Claims

No. 20-1071

(Filed: 3 November 2022)

NOT FOR PUBLICATION

```
*************************************
DONALD LEWIS DAVIS,                 *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## **ORDER**

**HOLTE, Judge.**

  On 21 June 2022, plaintiff Donald Davis filed a motion for default judgment requesting the Court "to enter the default of the Defendant for its failure to plead" pursuant to Rule 55 of the Rules of the Court of Federal Claims ("RCFC"). Mot. for Default J. at 1, ECF No. 31. Plaintiff alleged "defendant has failed to answer by its deadline of [6 June 2022]." *Id.* at 4. On 5 August 2022, the government filed its response to plaintiff's motion for default judgment ("Resp. Mot. for Default J."), ECF No. 33. In its response, the government noted it "has consistently experienced problems with serving the plaintiff through the duration of the case" and it "appears that the problem persists." Resp. Mot. for Default J. at 1. Aware of the mail issue and "out of an abundance of caution," the government sent another copy of the answer it filed on 3 June 2022 to plaintiff. *Id.*; *see* Answer, ECF No. 30.

  RCFC 55 states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff alleges the government "failed to answer by its deadline," however, no evidence supports the allegation. Mot. for Default J. at 1. The government filed its answer to plaintiff's complaint on 3 June 2022, 14 days after the Court denied the government's motion to dismiss and within the deadline permitted by RCFC 12(a)(4); plaintiff merely did not receive it because of persistent mail problems. *See* Answer; *see also* RCFC 12(a)(4) ("[I]f the court denies the motion, in whole or in part, . . . the responsive pleading must be filed by . . . 14 days after notice of the court's action . . . ."). The government did not, therefore, fail to answer by the deadline. Further, the government responded to the motion for default judgment, proactively sent plaintiff another copy of the pleading, and continues to defend the litigation. Resp. to Mot. for Default J. at 1. Accordingly, the government is not in default, and the Court **DENIES** plaintiff's motion for default judgment.

- 2 -

The Court notes the parties' motions for summary judgment have been fully briefed and are ready for decision next.  *See* Pl.'s Mot. for Summ. J., ECF No. 32; Gov't's Resp. and Cross-motion for Summ. J., ECF No. 35; Pl.'s Resp. and Reply, ECF No. 36; Gov't's Reply, ECF No. 37.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
